In the Matter of KENVAL MARKETING CORP., Debtor.

Fred ZIMMERMAN, Trustee,

v.

Charles M. CAVANAGH &
Claudia Cavanagh

v.

AMERICAN BANK & TRUST OF PA.

Civ. A. No. 86–3878.
Bankruptcy No. 83–0272G.
Adv. No. 86–0182G.

United States District Court,
E.D. Pennsylvania.

Sept. 19, 1986.

Michael L. Temin, James M. Matour, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants/appellants.

Edward I. Swichar, Bonnie G. Fatell, Zenola Harper, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for appellee, Fred Zimmerman.

Richard E. Fehling, American Bank & Trust Co. of Pa., Reading, Pa., for American Bank & Trust Co. of Pa.

## MEMORANDUM OF DECISION

McGLYNN, District Judge.

Plaintiff Fred Zimmerman, the Trustee in bankruptcy of the estate of the Kenval Marketing Corporation, (the "Kenval"), commenced this adversary proceeding by filing a complaint in the bankruptcy court for the Eastern District of Pennsylvania against Charles M. and Claudia Cavanagh, the principals of Kenval, seeking a money judgment in excess of $1,000,000.00 under several theories of liability.

The defendants made a timely demand for a jury trial in accordance with Bankruptcy Rule 9015(b)(1), 11 U.S.C. By order dated May 23, 1986, the bankruptcy court denied defendants' request for a jury trial on the grounds that "the matter is a core proceeding to which no right of jury trial attaches."

On June 2, 1986, defendants filed a notice of appeal of the bankruptcy court's order denying the demand for a jury trial. The Trustee then filed a motion to dismiss the appeal, arguing that the order denying the jury demand was an interlocutory order from which leave to appeal should not be granted.

It is true that an order denying a demand for a jury trial is not a final order that is appealable as of right. *See* Bankr.R. 8001(a), 11 U.S.C. However, an appeal may be taken from an interlocutory order with leave of the court upon the filing of a notice of appeal and a motion for leave to appeal prepared in accordance with Bankruptcy Rule 8003. *See* Bankr.R. 8001(b), 11 U.S.C.[1] Because consideration of the appeal at this juncture would lead to a more expeditious disposition of the case, and postponement of the appeal until the entry of a final order in the bankruptcy court would necessitate a retrial, if the order was ultimately determined to be erroneous, I will exercise the discretion vested in me by 28 U.S.C. § 158(a) and grant leave to appeal.

### I.

In March of 1983, Kenval made a general assignment of all its assets for the benefit of its creditors. On July 7, 1983, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Kenval, and an order for relief was entered on April 2, 1984. On or about July 2, 1984, the Chapter 7 case was converted into involuntary proceedings under Chapter 11 of the Bankruptcy Code.

---

1. If a party fails to file a motion for leave to appeal an interlocutory order, the district court may treat a notice of appeal as a motion for leave to appeal pursuant to Bankr.R. 8003(c), 11 U.S.C. Accordingly, the Cavanagh's notice of appeal shall be treated as a motion for leave to appeal.

Fred Zimmerman was appointed Trustee of Kenval's Chapter 11 estate on October 15, 1984. On March 13, 1986, the Trustee commenced this adversary proceeding against the principals of Kenval alleging that they unlawfully transferred over $1,000,000.00 from the estate prior to Kenval's general assignment for the benefit of its creditors. Specifically, the trustee alleges that the Cavanaghs, as insiders of the debtor corporation, unlawfully transferred corporate funds to themselves as accrued wages and bonuses, and for services allegedly rendered to other corporations which they owned and controlled. Additionally, the complaint charges that corporate funds were unlawfully and preferentially transferred to the American Bank & Trust Co. of Pennsylvania, an unsecured creditor, for the Cavanagh's benefit because they had personally guaranteed the corporation's debts to the Bank.

The trustee now seeks to recover this money under several theories of liability, including (a) voidable preference under 11 U.S.C. § 547 (Counts I, III, IV, and VII), (b) fraudulent conveyance under 11 U.S.C. § 548 (Counts II, V, VII, and IX), and under the Pennsylvania Fraudulent Conveyances Act (Pa.Stat.Ann. tit. 39, §§ 351–363) (Count X), and (c) breach of fiduciary duty under the common law of Pennsylvania. (Count XI). Money damages only are claimed. No other form of relief is requested.

At issue here is whether the defendants are entitled to a jury trial on these issues. For the reasons which follow, I have concluded that the defendants are entitled to a jury trial on these causes of action.

## II.

The issue of when, if ever, a party is entitled to a jury trial in a bankruptcy action has been the subject of much dispute. Because of the confusion surrounding the issue, a brief historical analysis of the right to a jury trial in a bankruptcy matter is appropriate.

Under the Bankruptcy Act of 1898, the right to a jury trial in a bankruptcy matter was determined by whether the bankruptcy court had summary or plenary jurisdiction over the matter at issue. *See* 1 *Collier on Bankruptcy* ¶ 3.01[7][b][i] (L. King 15th ed. 1986). Under this standard, parties were entitled to a jury trial if the action invoked the court's plenary jurisdiction, but not if it involved the exercise of the court's summary powers.

The leading Supreme Court case dealing with the summary/plenary distinction of the 1898 Act as a basis for entitlement to a jury trial is *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). In *Katchen*, the trustee filed a petition against a creditor of the bankrupt alleging that a transfer by the bankrupt to the creditor was a voidable preference. The Court held that the petition, which had been filed in response to a proof of claim by the creditor, was a summary proceeding triable in equity and, hence, no right to a jury trial existed.

In reaching this determination, the Court performed both a statutory and constitutional analysis. In its statutory analysis, the Court noted that "[t]he bankruptcy courts 'have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession'" (citations omitted), and over "'matters of an administrative character, including questions between the bankrupt and his creditors, which are presented in the ordinary course of the administration of the bankrupt's estate.'" (citations omitted). 382 U.S. at 327, 86 S.Ct. at 471.

The Court also noted that the process of allowance, disallowance and reconsideration of claims was within the court's summary jurisdiction because of its central role in the administration of the estate. *Id.* at 329–30, 86 S.Ct. at 472–73. Reasoning that a creditor who has filed a proof of claim has invoked the court's power to allow or disallow claims, a summary procedure, the court held that, where a trustee responds to a creditor's claim by counterclaiming for the avoidance of a preferential transfer, the claim is brought within the Court's summary jurisdiction and no right to a jury

trial existed. *Id.* at 336–40, 86 S.Ct. at 476–78.

In commenting on the constitutional right to a jury trial in this situation, the Court stressed the equitable nature of such an action. In doing so, the court expressly distinguished this situation from that in which the trustee initiated a preference action against parties who had not made claims against the estate:

> ... But although petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, [53 S.Ct. 50, 77 L.Ed. 185], when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity.

*Id.* at 336, 86 S.Ct. at 476.

Thus, a party's Seventh Amendment right to a jury trial was analyzed in terms of whether the action was one at law or in equity.

In *Schoenthal,* the creditor had not filed a proof of claim prior to the filing of a preference action by the trustee. The Court held that the action, which sought only the recovery of money damages, was an action at law and the parties were entitled to a trial by jury. The Court emphasized the nature of the relief sought, stating that:

> The question whether remedy must be by action at law or may be pursued in equity notwithstanding objection by defendant depends upon the facts stated in the bill. And, in absence of a clear showing that a court of law lacks capacity to give the relief which the allegations show plaintiff entitled to have, a suit in equity cannot be maintained. (Citations omitted). The facts here alleged give no support to plaintiff's assertion that it has no adequate remedy at law. The preferences sued for were money payments of ascertained and definite amounts. The

bill discloses no facts that call for an accounting or other equitable relief. It is clear that there may be had at law "a remedy as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity." (Citations omitted). 287 U.S. at 95, 53 S.Ct. at 51.

Thus, although the court in *Katchen* emphasized that bankruptcy courts are inherently courts of equity which exercise equitable jurisdiction over proceedings in bankruptcy, it did recognize the continuing validity of *Schoenthal,* which just as clearly held that "[s]uits to recover preferences constitute no part of the proceedings in bankruptcy but concern controversies arising out of it...." 287 U.S. at 94–95, 53 S.Ct. at 51.

The summary/plenary distinction, however, proved to be fertile ground for dispute. It was partly in response to the difficulties associated with this standard that Congress enacted the Bankruptcy Reform Act of 1978 (the "Act"). The Act greatly expanded the jurisdiction of the bankruptcy courts and abolished the distinction between summary and plenary jurisdiction.

Section 1480 of the Act, which dealt with the right to jury trials, reads as follows:

> ... this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

28 U.S.C. § 1480(a) (1982).

█ The authorities agree that this section did not enlarge or diminish the right to a jury trial but only preserved that right as it existed prior to 1979. Because the pertinent sections of the Bankruptcy Code, 11 U.S.C. § 544, 547, 548 and 550 contain no provision authorizing or prohibiting jury trials, the right to a jury trial must derive from the Seventh Amendment.[2]

---

2. I am aware that several courts have continued to apply the summary/plenary distinction of *Katchen* and its progeny, reasoning that this

was the applicable standard under pre–1979 law. Other courts, relying on the primary aim of the 1978 legislation eliminating the summa-

■ The Seventh Amendment preserves the right to a jury trial in "[s]uits at common law." In parsing the Seventh Amendment, the Supreme Court has distinguished between legal claims, those seeking a judgment for money damages, and claims which seek the exercise of a court's equitable jurisdiction. *See, e.g., Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). In order to determine whether the proceeding is brought at law or lies in equity, the court must examine both the historical treatment of the issue and the nature of the remedies sought, *Ross v. Bernhard,* 396 U.S. 531, 538 n. 10, 90 S.Ct. 733, 738 n. 10, 24 L.Ed.2d 729 (1970), resolving all ambiguities in favor of providing a jury trial. *Ross,* 396 U.S. at 542–43, 90 S.Ct. at 740–41.

This type of analysis is unaffected by the adoption of the Bankruptcy Amendments and Federal Judgeship Act of 1984 on July 10, 1984 (the "BAFJA"). However, because the BAFJA seems to have muddied the waters with respect to the jury trial issue, a brief discussion of its provisions is warranted.

### III.

The BAFJA was Congress' response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which held that the jurisdictional scheme of the 1978 Act was unconstitutional. The only provision in the BAFJA dealing with jury trials is 28 U.S.C. § 1411, which provides that "this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim." 28 U.S.C. § 1411(a).

Although § 1411 does not specifically repeal § 1480, and there is no general repealer in the statute, some courts have concluded that § 1480 has been implicitly repealed by the enactment of § 1411, thus eliminating any right to a jury trial that may have existed in the bankruptcy courts. *Matter of McLouth Steel Corp.,* 55 B.R. 357 (E.D. Mich.1985); *In re Bokum Resources Corp.,* 49 B.R. 854 (Bankr.N.M.1985); *In re American Energy, Inc.,* 50 B.R. 175 (Bankr.N.D.1985); *See also* King, *Jurisdiction and Procedure Under the Bankruptcy Amendments of 1984,* 38 Vand.L.Rev. 675 (1985).

Other courts, relying on comments made by the draftsmen as well as the overall scheme of the bankruptcy laws,[3] have concluded that § 1411 was meant to supplement rather than limit the language of § 1480, so that a bankruptcy court has the power to conduct jury trials where such a right existed prior to the passage of the amendments except in cases involving per-

---

ry/plenary distinction as a basis for jurisdiction have dispensed with this approach and instead focus on the nature of the cause of action as a basis for entitlement to a jury trial, and, thus, analyze whether the action lies in equity or is brought at law. *See, e.g., In re O.P.M. Leasing Services, Inc.,* 48 B.R. 824 (S.D.N.Y.1985); *In re Rodgers & Sons, Inc.,* 48 B.R. 683 (Bankr.E.D. Okla.1985); *In re Arnett Oil, Inc.,* 44 B.R. 603 (N.D.Ind.1984); *In re Lombard-Wall, Inc.,* 48 B.R. 986 (S.D.N.Y.1985).

I agree with the view that the right to a jury trial depends on whether the cause of action lies in equity or is brought at law. Not only does this comport with the expressed Congressional intent of dispensing with the summary/plenary jurisdiction as a basis for jurisdiction, but a summary/plenary analysis ultimately reduces itself to a law/equity analysis. *See Matter of McLouth Steel Corp.,* 55 B.R. 357 (E.D.Mich.

1985); *Matter of Paula Saker & Co., Inc.,* 37 B.R. 802 (S.D.N.Y.1984). Indeed, the majority of the courts that have applied the summary/plenary standard have focused on the nature of the remedies sought, finding that an action seeking equitable relief is within the courts' summary powers while one that seeks only money damages is legal and plenary in nature. *See, e.g., In re Sunair International, Inc.,* 32 B.R. 142 (S.D. Fla.1983); *In re Portage Associates, Inc.,* 16 B.R. 445 (N.D.Ohio 1982).

**3.** These courts have relied on comments made by Senators Dole and DeConcini that Congress did not intend to limit the right to jury trials as it existed prior to the passage of the BAFJA, and that the omission of the broader language of § 1480 was nothing more than an oversight. *See* 1984/1985 Winter *American Bankruptcy Institute Newsletter.*

sonal injury or wrongful death. *In re Gaildeen Industries, Inc.*, 59 B.R. 402 (N.D.Cal.1986); *In re Rodgers & Sons, Inc.*, 48 B.R. 683 (Bankr.E.D.Okla.1985); *Matter of Baldwin-United Corp.*, 48 B.R. 49 (Bankr.S.D.Ohio 1985).

Although the courts have disagreed on the effect of § 1411, it is unnecessary in this case to delineate its exact boundaries because § 1411 was given prospective application only, and, thus, it is inapplicable to this matter, which was pending at the time of the BAFJA's enactment on July 10, 1984. Pub.L. No. 98–353, § 122(b), 98 Stat. 333–92 (1984).[4]

Nevertheless, even though § 1411 may not be applicable, it is appropriate to consult the jurisdictional scheme of the BAFJA for guidance as to the jury trial issue.

The BAFJA draws a distinction between "core proceedings", those intimately associated with the administration of the estate, and "non-core" or related proceedings. Under § 104 of the Act (Pub.L. No. 98–353, § 104, 98 Stat. 333, 340–41 (codified at 28 U.S.C. § 157)), bankruptcy judges are permitted to hear and enter a final judgment in core proceedings, but may only enter findings of fact and conclusions of law which are subject to a *de novo* review in the District Court in non-core matters, unless the parties agree otherwise.

Some courts have drawn an analogy between core proceedings under the current law, and summary jurisdiction under the Bankruptcy Act of 1898, concluding that since core proceedings included matters which were within the traditional summary jurisdiction of the bankruptcy courts, and *Katchen* held that there is no constitutional right to a jury trial in summary proceedings, there is no right to a jury trial in core proceedings. *Matter of McLouth Steel Corp.*, 55 B.R. 357 (E.D.Mich.1985); *Matter of Baldwin-United Corp.*, 48 B.R. 49 (Bankr.S.D.Ohio 1985); *In re Lee*, 50 B.R.

683 (Bankr.D.Md.1985); *In re Schmid*, 54 B.R. 520 (Bankr.E.D.Pa.1985).

■ I cannot accept this analysis because I am persuaded that the classification of a matter as a core proceeding does not eliminate a litigant's constitutional right to a jury trial. Rather, once a proceeding is classified as a core proceeding, the court is still required to determine whether the action is one at law or lies in equity in deciding the right to a jury trial. *In re Rodgers & Sons, Inc.*, 48 Bankr. 683 (Bankr.E.D.Okla.1985); *In re Atlantic Energy, Inc.*, 52 B.R. 17 (Bankr.S.D.Fla.1985); *In re Mauldin*, 52 B.R. 838 (Bankr.N.D. Miss.1985); *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727 (M.D.Ga.1985); *In re Smith-Douglass, Inc.*, 43 B.R. 616 (Bankr.E.D.N.C.1984).

Counts I through X of the trustee's complaint seek the recovery of money that was either fraudulently conveyed or preferentially transferred. Both fraudulent conveyance and preference actions are explicitly designated as core proceedings by the BAFJA. 28 U.S.C. § 157(b)(2)(F) and (H). Accordingly, entitlement to a jury trial on these core issues hinges on whether they are legal or equitable in nature.

In *Schoenthal v. Irving Trust Co.*, discussed *supra*, the Supreme Court unequivocally established that preference actions seeking only monetary relief are properly classified as actions at law, thereby entitling the parties to a trial by jury. In its holding, the Court emphasized that the preferences sued for "were money payments of ascertained and definite amounts", and since there was a clear and adequate remedy at law, the suit did not lie in equity. 287 U.S. at 95–97, 53 S.Ct. at 51–52.

■ Courts that have subsequently considered the issue have generally adopted the reasoning of *Schoenthal*, finding a right to a jury trial where a preference or fraudulent conveyance action seeks only

---

4. Section 122(b) of the BAFJA (Pub.L. No. 98–353, § 122(b), 98 Stat. 333, 346 (1984)) provides, in pertinent part, that § 1411(a) "shall not apply with respect to cases under title 11 of the United States Code that are pending on the date of enactment of this Act [July 10, 1984], or to proceedings arising in or related to such cases."

money damages. *See, e.g., In re O.P.M. Leasing Services, Inc.,* 48 B.R. 824 (S.D.N.Y.1985) (Where trustee sought only money damages in fraudulent conveyance action, relief sought was legal rather than equitable and the creditors were entitled to a jury trial); *Matter of Paula Saker & Co., Inc.,* 37 B.R. 802 (Bankr.S.D.N.Y.1984) (Where preference action was merely for money had and received in violation of the Bankruptcy Code, relief sought was legal and there was a right to a jury trial); *In re Huey,* 23 B.R. 804 (9th Cir. BAP 1982) (Where prayer of trustee's complaint seeks only to avoid a transfer and the return of money transferred, complete relief can be granted by entry of money judgment and defendant is entitled to a jury trial.). *See also In re Sunair International, Inc.,* 32 B.R. 142 (Bankr.S.D.Fla.1983); *In re Portage Associates, Inc.,* 16 B.R. 445 (Bankr. N.D.Ohio 1982); *In re Arnett Oil, Inc,* 44 B.R. 603 (N.D.Ind.1984); *In re Black & Geddes, Inc.,* 25 B.R. 278 (Bankr.S.D.N.Y. 1982).[5]

■ However, where the trustee in a preference or fraudulent conveyance action seeks only equitable relief, such as the reconveyance of property, the avoidance of a lien, or an accounting, the right to a jury trial does not exist. *See, e.g., Pettigrew v. Graham. (In re Graham),* 747 F.2d 1383 (11th Cir.1984); *Whitlock v. Hause,* 694 F.2d 861 (1st Cir.1982); *In re Fleming,* 8 B.R. 746, (N.D.Ga.1980); *Towers v. Titus,* 5 B.R. 786 (N.D.Cal.1979).

As one noted commentator has explained in discussing the legal/equitable distinction in the context of a fraudulent conveyance action:

> [W]hether the trustee's suit should be at law or in equity is to be judged by the same standards that are applied to any other owner of property which is wrong-fully withheld. If the subject matter is a chattel, and is still in the grantee's possession, an action in trover or replevin would be the trustee's remedy; and if the fraudulent transfer was of cash, the trustee's action would be for money had and received. Such actions at law are as available to the trustee to-day (sic) as they were in the English courts of long ago. If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that also is beyond dispute.

1 G. Glenn, *Fraudulent Conveyances and Preferences* § 98 (1940). (footnotes omitted).

Under the foregoing analysis, the defendants are clearly entitled to a jury trial on the preference and fraudulent conveyance claims, because the trustee seeks only to avoid the transfers and the return of the money. The trustee argues, however, that to label the requested relief as money damages mischaracterizes the nature of the action, because he does not seek money damages as compensation for any injury, but merely seeks the recovery of "assets" wrongfully withheld from the estate and when viewed in this manner, it is immaterial whether the assets consist of cash or physical property. In essence, the trustee contends that actions to avoid a preference or fraudulent conveyance are inherently equitable, and any claim for monetary relief is merely an integral part of the equitable relief sought.

■ This argument is not persuasive. It is true that if the requested relief is primarily equitable in nature, an additional or alternative claim for money damages will not convert the action into one at law. Indeed, the majority of the cases cited by

---

5. That some of these courts chose to evaluate the right to a jury trial under the summary/plenary analysis yet still reached the same conclusion as those employing a law/equity analysis underscores my earlier comment that it ultimately makes little difference which standard is applied, for the result will almost always be the same. See cites at Note 2, *supra.* Thus, even if I were to apply a summary/plenary analysis to the case at bar, my conclusion that the parties are entitled to a jury trial would remain the same. Nothing in *Katchen* dictates a contrary result since *Katchen* expressly distinguished the facts presented in *Schoenthal,* which are similar to those presented here.

the trustee to support his argument involve precisely this situation. *See, e.g., In re Graham,* 747 F.2d 1383 (11th Cir.1984) (expressly found that no money damages were sought); *In re Atlas Fire Apparatus, Inc.,* 56 B.R. 927 (Bankr.E.D.N.C.1986) (relief sought was avoidance of deed, not money damages); *In re Checkmate Stereo & Electronics, Ltd.,* 21 B.R. 402 (E.D.N.Y. 1982) (reconveyance of stocks and money with money damages as an alternative remedy); *In re Energy Resources Co., Inc.,* 49 B.R. 278 (Bankr.Mass.1985) (action to avoid liens, reconvey stock, and set aside assignment of claims); *In re Rodgers & Sons, Inc.,* 48 B.R. 683 (Bankr.E.D.Okla.1985) (primary relief sought was reconveyance of property; money damages were only an alternative); *Towers v. Titus,* 5 B.R. 786 (N.D.Cal.1979) (remedies sought were primarily equitable in nature, including imposition of constructive trusts, injunctive relief, an accounting and reconveyance of property); *In re Southern of Rocky Mount, Inc.,* 36 B.R. 175 (Bankr.E.D.N.C. 1983) (primary issue was whether sale of assets to debtor was voidable as a fraudulent conveyance; no money damages sought). Moreover, several of these cases expressly distinguished the situation where money damages alone was sought. *See, e.g., In re Graham,* 747 F.2d at 1387. (An action by a trustee seeking money damages has long been recognized as an action at law).

In contrast, very few cases have found that a preference or fraudulent conveyance action seeking only the recovery of money damages lies in equity, and the reasoning of those courts that have done so is suspect. For example, the court in *In re Carriero,* 21 B.R. 132 (Bankr.Mass.1982), held that an action seeking to avoid a preferential transfer is one at equity and not at

law. The court explained its holding as follows:

It is not an action seeking damages for an act complained of, but rather, seeks the return of the *res* for a more equitable distribution. It is an attempt to set aside that which is not equitably done. The fact that he may claim the return of $1650 from the defendant does not make the action one at law. The power to avoid preferential transfers, although arising from statute, has always been thought of as an equitable remedy. And where equity did not recognize the right to trial by jury, neither does Rule 38 or the Seventh Amendment. (Citations omitted).

21 B.R. at 134. *Accord In re Country Junction, Inc.,* 41 B.R. 425 (W.D.Texas 1984).[6]

This conclusion is simply not supported by the case law and notably absent from the *Carriero* analysis is the mention of *Schoenthal* or even of *Katchen.* While I share the *Carriero* court's concern that the "speedy, efficient and inexpensive administration of bankrupt estates" might be seriously impeded by the grant of a jury trial in preference actions, I am convinced that the overwhelming weight of authority supports a jury trial in the matter *sub judice.*

Accordingly, where the trustee seeks only money damages in a preference or fraudulent conveyance action, the action is one at law, and the parties have a right to a trial by jury on such claims.[7]

I am also of the view that under BAFJA, bankruptcy courts may conduct jury trials in core proceedings which are legal in nature. As a practical matter, however, the bankruptcy court in the Eastern District of Pennsylvania, at the present time, is somewhat limited in terms of space, staff and judicial personnel. Therefore, the adver-

6. There is even less analysis presented in *In re Country Junction,* in which the court simply states that an "action to avoid and recover a preference is an action in equity, not law," relying solely on *In re Carriero* for support. 41 B.R. at 430.

7. It is unnecessary to discuss the defendants' right to a jury trial on Count XI, which states a common law claim for breach of fiduciary duty, because it is clear that the parties are entitled to a jury trial on this legal issue, particularly in light of my determination that they are entitled to a jury trial on the preference and fraudulent conveyance actions.

sary action will be removed to the District Court so that a jury trial may be conducted.

An appropriate order follows.

## ORDER

AND NOW, this 19th day of SEPTEMBER, 1986, upon consideration of Plaintiff's motion to dismiss the appeal of the Bankruptcy Court's Order denying the defendants' demand for a jury trial, the memoranda submitted by the parties, and for the reasons stated in the accompanying memorandum, it is hereby

## ORDERED

that the motion to dismiss the appeal is DENIED, and the Order of the Bankruptcy Court denying the defendants' demand for a jury trial is REVERSED, and that defendants' demand for a trial by jury is hereby GRANTED. It is further ORDERED that the reference to the Bankruptcy Court will be withdrawn so that a jury trial may be conducted in the United States District Court.