**In re DARBY SUPERMARKET, INC.**

**DARBY SUPERMARKET, INC.**

**v.**

**WETTERAU FINANCE CO., et al.**

**Misc. A. No. 88–0656.**
**Bankruptcy No. 88–10863S.**
**Adv. No. 88–2169.**

United States District Court,
E.D. Pennsylvania.

Jan. 5, 1989.

See also, D.C., 94 B.R. 54.

Pace Reich, H. Thomas Hunt, Philadelphia, Pa., for Wetterau Finance Co., et al.

ORDER

HUYETT, District Judge.

Upon consideration of Defendant's Motion to Withdraw Reference, the plaintiff's response thereto, and the parties' memoranda, and because:

1. On March 15, 1988, Darby Supermarkets, Inc. (Darby) filed a petition under Chapter 11 of the Bankruptcy Code.

2. On October 26, 1988, Darby filed the present adversary against Wetterau Finance Co., and associated corporations (Wetterau) in U.S. Bankruptcy Court. In its complaint, Darby alleges that an October 1986 purchase from Wetterau of certain supermarket equipment constituted a fraudulent conveyance as to Darby's creditors because Darby was insolvent at the time of purchase, and it did not receive fair consideration for its cash payment and future obligations under its installment sales agreement with Wetterau[1]. As relief, Darby seeks an order avoiding Wetterau's security interest in the equipment and Darby's $401,062.48 payment obligation, and for "further relief as the Court deems just and proper, including the refund of monies paid in excess of the actual value of the equipment, which sum is believed to exceed $50,000." Complaint at 4, Exh. A to Defendant's Motion.

3. Citing *In re Kenval Marketing Corp.*, 65 B.R. 548 (E.D.Pa.1986), Wetterau now moves for an order withdrawing the

---

**1.** Darby maintains that although its obligation is payable under the terms of an "Equipment Lease" with Wetterau, this document is "in fact and law" an installment sales contract. Debtor's Memo at 2, n. 2.

reference of this adversary action to the U.S. Bankruptcy Court, asserting that it is "entitled to a jury trial because the relief that Darby is seeking is, at bottom, money damages." Defendant's Motion, ¶ 4. Wetterau argues that because of limitations of "staff, space and judicial personnel" in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, "it is in the interests of judicial economy to withdraw reference of this matter from the Bankruptcy Court, and try this matter in the District Court." *Id.*, ¶ 5.

4. Unlike *Kenval Marketing,* this adversary action does not involve a complaint seeking only money damages. Although Darby does demand the refund of monies already paid in excess of the actual value of the equipment, the essential relief sought by the debtor is the avoidance of the creditor's security interest in the equipment and of the debtor's obligations under its contract with the creditor.

As Judge McGlynn recognized, where an adversary fraudulant conveyance action "seeks only equitable relief, such as the reconveyance of property, the avoidance of a lien, or an accounting, the right to a jury trial does not exist." 65 B.R. at 554. Moreover, "if the requested relief is primarily equitable in nature, an additional claim for money damages will not convert the action into one at law." *Id.* Other courts have held flatly that fraudulent conveyance actions are equitable in nature, and therefore do not require trial by jury. *See, e.g., In re Minton Group,* 43 B.R. 705, 707 (Bankr.S.D.N.Y.1984) ("Actions to set aside fraudulent conveyances have long been cognizable in equity where the Seventh Amendment does not require jury trials. This is so even if a money judgment is also requested, if such judgment is an integral part of the equitable relief sought"): *In re Energy Resources, Inc.,* 49 B.R. 278 (Bankr.D.Mass.1985) ("It is now firmly established that an action to avoid a fraudulent conveyance is purely equitable in nauture and does not require a jury trial even when an alternative claim for monetary relief is made.")

5. Because the relief sought by the debtor is primarily equitable in nature, Wetterau does not have a right to a jury trial in this adversary action.

Therefore, the defendant's Motion to Withdraw Reference is DENIED.

IT IS SO ORDERED.