## GARRETT ROAD SUPERMARKET, INC.

### v.

## WETTERAU FINANCE CO.

Misc. No. 88–655.

United States District Court,
E.D. Pennsylvania.

Jan. 20, 1989.

See also, D.C., 95 B.R. 906.

Steven R. Fischer, Gary A. Rosen, Hangley Connolly Epstein Chicco Foxman & Ewing, Philadelphia, Pa., for debtor.

Pace Reich, H. Thomas Hunt, Pincus, Bressler, Hahn, Reich & Weinberg, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Defendant Wetterau Finance Co. ("Wetterau") has moved for this court to withdraw, pursuant to 28 U.S.C. § 157(d), reference of Adversary Action No. 88–2168. Wetterau claims that it is entitled to a jury trial of this action, and, therefore, that the interest of judicial economy justifies withdrawal of reference from the bankruptcy court.

Plaintiff Garrett Road Supermarket, Inc. ("Garrett Road") has filed a Chapter 11 petition with the bankruptcy court. Bankruptcy No. 88–11524. The present adversary action, No. 88–2168, arises from Garrett Road's acquisition of certain equipment from Wetterau in October 1986. Garrett Road contends in count I that this transaction was fraudulent pursuant to state law and may therefore be set aside. 39 P.S.A. §§ 354, 359.[1] Garrett Road seeks "an order avoiding the above-described security interest and obligation and for such other and further relief as the Court deems just and proper, including the refund of monies paid in excess of the actual value of the equipment...." Complaint ¶ 13. Wetterau has filed a Proof of Claim in the Chapter 11 action indicating that Garrett Road's remaining obligation on the equipment agreement is $255,283.35.[2] Debtor's memorandum, Exhibit B. In a second count, Garrett Road seeks to void and re-

---

1. 39 P.C.A. § 354 provides: "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration."

2. Contrary to Garrett Road, Wetterau claims that the October 1986 transaction was an "equipment lease." The Bankruptcy Court has ruled that the transaction was an installment sale and security agreement. *See* Order of August 25, 1988, *In re Garrett Road Supermarket, Inc.,* Bankr. No. 88–11524 (Bankr.E.D.Pa.) (Scholl, J.), *appeal filed,* No. 88–7439, (E.D.Pa. Sept. 27, 1988).

cover the amount of nine post-petition payments made on the equipment—payments were allegedly "not authorized under [the bankruptcy] title or by the court." 11 U.S.C. § 549(a). In this count, Garrett Road prays "for judgment against Wetterau in the amount of $9,958.14, together with interest, and for such other and further relief as the court deems just and proper." Complaint ¶ 17.

The law governing the right to a jury trial in matters before the bankruptcy court is in considerable disarray. *See* R. Aaron, *Bankruptcy Law Fundamentals* § 3.02[5] (1987) (history of jury trials and effect of 1984 amendments). A number of courts have ruled that there is no right to a jury trial of any "core proceeding"—and it is undenied that Garrett Road's claims of a fraudulent conveyance and avoidable post-petition transfer are core proceedings under 28 U.S.C. § 157(b)(2). *See, e.g., In re Harbour*, 840 F.2d 1165 (4th Cir.1988) (preference actions as equitable), *cert filed sub nom. Perkinson v. Huffman*, No. 87–1760 (April 25, 1988); *In re Chase & Sanborn Corp.*, 835 F.2d 1341 (11th Cir.), *review granted sub nom. Granfinanciera v. Nordberg*, — U.S. —, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988). In *Granfinanciera*, the Supreme Court will review the Ninth Circuit's conclusions that an action to avoid a fraudulent transfer is, as a core proceeding, inherently equitable in nature, and that a request solely for monetary relief does not transform the action into a legal matter entitling parties to a jury trial.

In contrast, courts of this district have held that classification of an adversary proceeding as a core proceeding does not foreclose a litigant's Seventh Amendment right to a jury trial of "suits at common law." *In re Kenval Marketing Corp.*, 65 B.R. 548 (E.D.Pa.1986); *In re Globe Parcel Service, Inc.*, 75 B.R. 381 (E.D.Pa.1987). Rather, the right to a jury trial is to be determined on a case-by-case analysis of whether the cause of action and relief sought lie in equity or can be brought in law. *Kenval Marketing*, 65 B.R. 552–53. *See also American Universal Insurance Co. v. Pugh*, 821 F.2d 1352, 1355 (9th Cir. 1987) (adopting the "law/equity test" to determine right to jury trial). With respect to avoidance of fraudulent conveyances, Judge McGlynn in *Kenval Marketing* concluded that such actions are not necessarily equitable, but "if the requested relief is primarily equitable in nature, an additional or alternative claim for money damages will not convert the action into one at law." *Kenval Marketing*, 65 B.R. at 554. *See also Whitlock v. Hause*, 694 F.2d 861, 863–66 (1st Cir.1982) (distinguishing fraudulent conveyance claim made under bankruptcy statute from other mixed actions of law and equity addressed by *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)). *Cf. Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959) (right to jury trial of legal issues raised by counterclaim).

The primary relief sought by Garrett Road's first count is to avoid a substantial security interest and obligation resulting from a conveyance—an equitable claim. Unlike the cases relied on by Wetterau, *In re Huey*, 23 B.R. 804 (Bankr. 9th Cir.1982); *Kenval Marketing*, 65 B.R. 548, this is not a case in which a "fraudulent conveyance action seeks only money damages." *Id.* at 553–54. Nor do I find that Garrett Road's use of a catchall prayer for "other relief that the court deems just and proper" transforms this count from an equitable to a legal claim, even though the alternative is elaborated to include an estimated dollar amount of a possible refund. Judge Huyett drew a similar conclusion that a complaint based on a similar equipment contract with Wetterau, and employing an identical prayer for relief as Garrett Road's first count, sought relief that was "primarily equitable in nature." *Darby Supermarket, Inc. v. Wetterau Finance Co.*, Misc. No. 88–656, slip op. at 3, (E.D.Pa. Jan. 5, 1989) (finding no right to jury trial).

Garrett Road, unlike Darby Supermarket, Inc., also seeks monetary relief under a second count alleging unauthorized post-petition payments. Although it involves the same contract that is the subject of the first count, count II seeks relief solely on the basis of the Bankruptcy Code's provision for avoiding post-petition transfers

that were not authorized by the code or court. 11 U.S.C. § 549(a)(1) & (2)(B). The remedy of this section, allowing a trustee to "avoid a transfer of property of the estate," did not exist at common law. Unlike a common-law action for fraudulent conveyance, this claim asserts a power directly conferred solely by the Bankruptcy Act, and thus raises no Seventh Amendment issue. *Cf. Witlock*, 694 F.2d at 864 ("the trustee's avoidance powers do not further some underlying legal claim, but rather are ancillary to a determination which was itself equitable, not legal, in character").

I conclude that Garrett Road's complaint arises in equity and seeks a primarily equitable remedy. Therefore, I find that Wetterau has no right to a trial by jury and has presented no persuasive cause to withdraw the reference to the bankruptcy court.[3]

An appropriate order follows.

### ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED and DIRECTED that defendant Wetterau's motion to withdraw reference is DENIED.

---

**3.** I note that, even were Wetterau entitled to a jury trial of part or all of this claim, its unsupported assertion that the bankruptcy court lacks space, staff and personnel to conduct a jury trial was directly denied in *In re Jackson*, 90 B.R. 126, 135 (Bankr.E.D.Pa.1988) ("facilities to conduct such a [jury] trial will be made available to us if needed"). In addition, as the bankruptcy court has already set this matter for trial on February 8, 1989, is acquainted with the context of this action, and will examine a similar transaction in *Darby Supermarket, Inc. v. Wetterau Finance Co.*, Bankr. No. 88–10863, trial by the bankruptcy court would best serve judicial economy.