David L. **GLASSEL** and Violet Glassel, d/b/a Vida Properties, Plaintiffs,

v.

**ALLEGHENY INTERNATIONAL CREDIT CORPORATION,** Defendant.

**In re ALLEGHENY INTERNATIONAL, INC., et al.**

**Civ. A. No. 89–603. Bankruptcy No. 88–00448.**

United States District Court, W.D. Pennsylvania.

Jan. 8, 1990.

David Abrams, Monroeville, Pa., for plaintiffs.

George Cass, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

D. BROOKS SMITH, District Judge.

Presently before us is a motion to withdraw the reference in the ongoing bankruptcy proceedings of Allegheny International Credit Corporation ("Allegheny"), a Pennsylvania corporation, for mandatory abstention and for a change of venue to the District Court of the Southern District of Texas. We deny the motion.

Litigation between the parties commenced in August, 1987, when Allegheny instituted an action in Texas state court against David L. Glassel and Violet Glassel, d/b/a VIDA Properties (the "Glassels"), and various other defendants alleging that the Glassels had disposed of, liquidated, and otherwise secreted collateral securing six promissory notes payable to Allegheny in violation of Texas law. Allegheny sued for injunctive relief and damages. In response, the Glassels filed a counterclaim for wrongful foreclosure of its property under Texas law and seeking more than seventeen million dollars in damages. Subsequently, the matter was removed to United States District Court for the Southern District of Texas.

On May 3, 1989, Allegheny filed a Chapter 11 reorganization under the Bankruptcy Code of 1978, 11 U.S.C. §§ 1101 *et seq.* Upon notification from the bankruptcy court of Allegheny's filing, the Glassels filed a Section 501 proof of claim in the amount of seventeen million dollars. Allegheny filed an objection to the allowance of the claim and a motion to estimate the claim at zero pursuant to Rule 3018(a) of the Bankruptcy Rules of Procedure. The Glassels filed an answer to Allegheny's objection and motion, and therein demanded a jury trial. The Glassels also requested, by separate motion, that the automatic stay issued under Section 362 of title 11 be lifted to permit them to prosecute their claims against Allegheny. The request for relief from stay was denied by the bankruptcy court in February, 1989; thereafter, the Glassels filed this Motion to Withdraw Reference, for Mandatory Abstention, and/or Removal of this matter from the bankruptcy court.

### A. *Glassels' Motion to Withdraw Reference*

■ Section 157(d) of title 28 U.S.C. provides:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regu-

lating organizations or activities affecting interstate commerce.

Determination of the Glassels' claims does not require analysis of other laws of the United States regulating organizations or activities; therefore, we must look at whether the Glassels have shown cause sufficient to require withdrawal of the reference.[1]

On the issue of cause, the Glassels take the position that their filing of a proof of claim in the Allegheny bankruptcy was involuntary to the extent they were directed to do so pursuant to the notice of Allegheny's filing for bankruptcy protection. The Glassels submit that withdrawal of the reference is required in the instant case because their claim involves peculiar applications of Texas law to a foreclosure of real property, as well as interests of parties who have not become involved in the bankruptcy proceedings to date. The Glassels also submit that the reference must be withdrawn because this is the kind of case, *i.e.*, a state contract claim, which the United States Supreme Court has forbidden the bankruptcy courts to hear. Finally, the Glassels contend that, because this matter is in their view a non-core proceeding, disposition by the bankruptcy court is infeasible as the bankruptcy court's authority is limited to making a recommendation to the district court in non-core matters. Because we find each of these contentions to be unsupported in the law, we will deny the Glassels' motion to withdraw the reference.

Rule 3002 of the Bankruptcy Code provides that creditors may file proofs of claim in a bankruptcy matter, such filing being necessary only to the extent that a creditor wishes its claim or interest to be allowed in the bankruptcy proceedings. We find nothing in the Bankruptcy Code nor have we been presented with a court order which would have mandated that the Glassels file a proof of claim in this bankruptcy.[2]

Allegheny disputed the value and validity of the Glassels' claim by objecting to it. Upon Allegheny's objection to a creditor's proof of claim, Section 502(b) of title 11 provides that the bankruptcy court will determine the allowable amount of the claim after notice and hearing.

▪ The Glassels object to a determination in the allowability of their claim by the bankruptcy court. Hence, they request that this Court withdraw the reference.[3] In doing so, the Glassels assert that their claim against Allegheny is a non-core matter.

The Glassels correctly begin with the issue of whether this matter is core or non-core, as that determination is primary to whether the bankruptcy court has jurisdiction to hear a matter. Fifteen non-exclusive categories are identified in 28 U.S.C. § 157 as "core proceedings" over which the bankruptcy court indisputably has jurisdiction to hear and determine the outcome. The determination that a proceeding is core is within the bankruptcy

---

**1.** If this matter required the Bankruptcy Court to interpret both title 11 and other federal laws, withdrawal of the reference would be mandatory under the last sentence of § 157(d). The Glassels have identified no such federal laws. In fact, they emphasize that this matter requires an interpretation of Texas state law in addition to the Bankruptcy Code. Brief in Support of Motion to Withdraw Reference, For Mandatory Abstention and/or Removal ("Memorandum") at 26.

**2.** We expressly reject their contention that the Glassels have been brought before the bankruptcy court involuntarily. The Glassels voluntarily chose to participate in the bankruptcy proceedings, as does any creditor who files a proof of claim in such matters. *In re BKW Systems, Inc.*, 66 B.R. 546, 548 (Bankr.D.N.H.1986). More-

over, if the Glassels do not want to participate, they can always withdraw their proof of claim. However, we find that solution unlikely given that withdrawing the claim also would mean losing the opportunity to seek restitution from Allegheny after it is discharged in bankruptcy, 11 U.S.C. §§ 524, 727.

**3.** Allegheny has tried in vain to convince this court that the Glassels' motion to withdraw the reference is untimely. Five months elapsed between the time of Allegheny's objection to the Glassels' proof of claim and the date of the Glassels' motion to withdraw the reference. Unlike the cases Allegheny cites, this motion was not filed on the eve of the distribution of assets, nor had a year lapsed since the commencement of the adversary proceeding in question.

court's discretion. *In re Honeycomb, Inc.*, 72 B.R. 371, 373 (Bankr.S.D.N.Y.1987).

In the instant case, we find that the allowability of the Glassels' claim is a core matter; the allowance or disallowance of a claim is identified as a core proceeding in 28 U.S.C. § 157(b)(2)(B). Cf. *In re Meyertech Corp.*, 831 F.2d 410, 417 (3d Cir.1987) (holding that claim against bankrupt estate which is based on state law is core proceeding although "virtually every bankruptcy case will entail the alteration or nullification of some state-created right."). Thus, we find meritless the argument that the bankruptcy court is without jurisdiction to hear and determine the allowability of the Glassels' claim against Allegheny. Similarly, we reject the contention that alleged liability on Allegheny's part for violations of Texas law bears a "tenuous relationship to the adjustment of the debtor creditor relationship." Memorandum at 27. To the contrary, the question of Allegheny's liability to the Glassels lies at the heart of any adjustment of their claim against Allegheny.[4]

With respect to the Glassels' argument that bankruptcy courts may not hear any matters arising out of state contract law, we find that the Glassels' reliance on *Northern Pipeline Construction Company v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), is misplaced. *Northern Pipeline*, and the several other cases cited by the Glassels on this issue, involve a debtor's initiation of an adversary proceeding in bankruptcy court. However, unlike the instant case, *Northern Pipeline* did not involve the bankruptcy court's allowance of a proof of claim or any other kind of proceeding which falls squarely within the definitions of 28 U.S.C. § 157.

Next, the Glassels contend that disposition of this matter by the bankruptcy court would improperly abrogate their Seventh Amendment right to a jury trial.[5] There is conflicting precedent as to whether the constitutional right to a jury trial is preserved in a core proceeding before the bankruptcy court. *In re Adams, Browning & Bates, Ltd.*, 70 B.R. 490, 494 (Bankr.E.D.N.Y. 1987). One line of case, relying on the Supreme Court's opinion in *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), holds that the constitutional right to a jury trial implicitly is waived in core proceedings where the non-debtor party has consented to the jurisdiction of the bankruptcy court, *i.e.*, by filing a claim and raising an issue intrinsic to administration of the estate.[6]

Another line of cases, however, holds that a narrow class of proceedings exists which are core but legal in nature, therefore entitling the parties to a jury

4. The Glassels contend that a "core" proceeding encompasses only proceedings which would not exist at law but for the Bankruptcy Code. Memorandum at 13. A claim against a bankrupt estate is precisely such a proceeding. The Glassels apparently fail to comprehend that with the filing of their claim they have commenced a fresh proceeding in bankruptcy court. Thereby, they have initiated a statutorily-created process procedurally unrelated to the matter which presently is stayed in the district court for the Southern District of Texas.

5. As one of their arguments, the Glassels submit that a jury trial before the bankruptcy court would be impractical and inefficient because absent the parties' consent, the bankruptcy court's authority is limited to making recommendations to the district court in non-core proceedings. 28 U.S.C. § 157(c). In light of our determination that the Glassels' proof of claim and its underlying substance is a core matter proper for the bankruptcy court's determination, we will dismiss this argument preliminarily.

6. In *Katchen*, the trustee filed a preference action against a creditor who had previously filed a proof of claim against the estate. The creditor demanded a jury trial. The Court held that the bankruptcy courts are courts of equity; therefore, core proceedings are by definition equitable in nature and should fall under the bankruptcy court's traditionally summary jurisdiction. 382 U.S. at 339, 86 S.Ct. at 478. The parties have no right to a jury trial on the issue of whether the claim was allowable or on the preference issue because the statutory scheme necessarily "converts the creditor's legal claim into an equitable claim to a pro rata share of the *res.*" 382 U.S. at 336, 86 S.Ct. at 476. After *Katchen*, many courts have reasoned that the Seventh Amendment, which expressly provides for a jury trial in cases at law, does not provide a right to a jury trial in core proceedings before the bankruptcy court because such matters are inherently equitable. See, *e.g., In re Data Compass Corp.*, 92 B.R. 575, 579, 582 (Bankr.E.D.N.Y.1988).

trial. See *Garrett Rd. Supermarket, Inc. v. Wetterau Finance Co.*, 95 B.R. 904 (E.D.Pa.1989); *In re Kenval Marketing Corp.*, 65 B.R. 548 (E.D.Pa.1986). *See also, In re Jackson*, 90 B.R. 126 (Bankr.E. D.Pa.1988) (holding that not all core proceedings before the bankruptcy courts are equitable in nature and, therefore, that a right to a jury trial may exist in certain circumstances); *In re Direct Satellite Communications, Inc.*, 91 B.R. 7, 8 (Bankr.E.D.Pa.1988).

In this regard, we believe the United States Supreme Court recently resolved some of the confusion with respect to the right to a jury trial before the bankruptcy court. In *Granfinanciera v. Nordberg*, —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Court addressed whether a person who has *not* submitted a claim against a bankruptcy estate has a right to a jury trial where the trustee in bankruptcy has sued to recover an allegedly fraudulent transfer. In its discussion, the Court distinguished the rights of creditors who have filed claims from those who have not:

> As *Katchen* makes clear, however, by submitting a claim against the bankruptcy estate, creditors subject themselves in the Court's equitable power to disallow those claims, even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate.

109 S.Ct. at 2799 n. 14.

The Court's discussion in *Granfinanciera* settles the issue of a creditor's entitlement to a jury trial on the issue of allowability of a claim.[7] See also *Commodities Futures Trading Comm. v. Schor*, 478 U.S. 833, 852, 106 S.Ct. 3245, 3257, 92 L.Ed.2d 675 (1988), and *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985), wherein the Court held that a party implicitly consents to having its rights adjudicated by a non-Article III court in certain circumstances, thereby waiving the right to a jury trial.

In light of our determination that this is a core matter and that the Glassels have no right to a jury trial, we find that the Glassels have failed to establish any reason for this Court to withdraw the reference of this matter from the bankruptcy court. Therefore, the motion to withdraw the reference is denied.

### B. *Motion for Mandatory Abstention*

■ Section 1334(c)(2) of the Judicial Code provides that a district court shall abstain from hearing a matter which can be timely adjudicated in a State forum and which could not have been commenced in federal court but for the pending bankruptcy. 28 U.S.C. § 1334(c)(2). The Glassels urge abstention upon us in favor of the federal district court of the Southern District of Texas, where the mortgage foreclosure action was commenced. Abstention in deference to another federal court is not anticipated or required by the plain language of the statute. The motion for mandatory abstention is denied.

### C. *Motion for Change of Venue*

■ Finally, the Glassels have moved this Court to "remove" their proof of claim to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1412, the change of venue statute pertaining to bankruptcy matters. In support of this request for a change of venue,

---

7. The Court also acknowledged the uncertainty that surrounds the statutory basis for recognizing a jury right in bankruptcy matters. 109 S.Ct. at 2789 n. 3. The language of Section 1411 provides that a jury trial is available in personal injury and wrongful death claims. That provision has been interpreted as a declaration that the right to a jury trial is limited to those specifically defined classes of contingent tort claims. *In re Smith*, 84 B.R. 175, 178 (Bankr.D.Az.1988); *In re Pro Machine, Inc.*, 87 B.R. 998, 1001 (Bankr.D.Mn.1988); *In re Mark Jay Kaufman, P.A.*, 78 B.R. 309, 311 (Bankr.N.D.Fl.1987); *In re O'Bannon*, 49 B.R. 763, 769 (Bankr.M.D.La. 1985). Similarly, the abrogation of Bankruptcy Rule 9015, which set forth the procedure for conducting jury trials in bankruptcy court, as well as the Advisory Committee's Note explaining the 1987 amendments to Rule 9015, reveal at least the Committee's understanding that Section 1411 was intended to restrict the parties' right to a jury trial in bankruptcy matters to only personal injury or wrongful death claims. See *In re Pro Machine, Inc.*, 87 B.R. 998, 1002 (Bankr.D.Mn.1988); *In re Visidata Corp.*, 84 B.R. 673, 675 (Bankr.N.D.Cal.1988).

the Glassels offer that all witnesses and experts are located in Texas, and that Allegheny initiated the action in Texas. We disagree with the Glassels' presentation of the procedural nature of this case. They initiated their claim in Pennsylvania. We do agree that the events leading up to the claim apparently occurred in Texas. However, the Glassels have made no showing that a hearing on the matter would require numerous witnesses, or that any witness is unwilling to travel to Pennsylvania, or that the use of video-taped depositions would be inadequate. *Micheel v. Haralson,* 586 F.Supp. 169, 173 (E.D.Pa.1983). Nor has there been any other explanation proffered which would establish that considerations of convenience and justice require that this matter be transferred to the Texas forum. The Glassels have failed to show that they would have to bear a greater burden if the matter remains in the Pennsylvania Court than Allegheny would bear if the matter were transferred to Texas. In light of the strong presumption of maintaining venue where the bankruptcy case is pending, *In re Windsor Communications Group, Inc.,* 53 B.R. 293, 296 (Bankr.E.D.Pa.1985), the motion for change of venue is denied.