In re ENVIRO–SCOPE CORPORATION t/a Systems Furniture Corporation a/t/a Modular Insulation Corporation a/t/a Modular Systems Corporation, Successor by merger to Systems Furniture Company, Versa Flex Corporation and Systems Furniture Ltd., Inc., Debtor.

ENVIRO–SCOPE CORPORATION t/a Systems Furniture Corporation a/t/a Modular Insulation Corporation a/t/a Modular Systems Corporation, Successor by merger to Systems Furniture Company, Versa Flex Corporation and Systems Furniture Ltd., Inc., Plaintiff,

v.

WESTINGHOUSE ELECTRIC CORPORATION, Defendant.

Misc. No. 85–0624.
Bankruptcy No. 85–01241K.
Adv. No. 85–0717K.

United States District Court,
E.D. Pennsylvania.

Dec. 17, 1985.

Nathan Lavine, Philadelphia, Pa., for debtor/plaintiff.

John McKeever, Philadelphia, Pa., for defendant.

MEMORANDUM OF DECISION

McGLYNN, District Judge.

In July of 1985, plaintiff Enviro-Scope Corporation, a Chapter 11 Debtor in Possession, filed a complaint in bankruptcy court against Westinghouse Electric Corporation, ("Westinghouse"). Counts II and IV of the complaint seek the recovery of alleged preferential transfers made by the plaintiff to Westinghouse prior to the institution of the Chapter 11 bankruptcy proceeding. Counts I and III seek the recovery of commissions or an account receivable that plaintiff allegedly earned from Westinghouse.

*Fulghum Construction Corp.*, 45 B.R. 112, 11 C.B.C.2d 1378, 1391 (Bankr.M.D.Tenn.1984).

Defendant Westinghouse has filed a motion to withdraw the automatic reference of the proceeding from the bankruptcy court under the discretionary withdrawal provision of 28 U.S.C. 157(d) so that it may be consolidated with *Westinghouse Electric Corporation v. Fidelity and Deposit Co. of Maryland*, C.A. No. 85–5745 (the "District Court action"), an action now pending before this court. For the reasons stated herein, I will grant defendant's motion to withdraw the proceedings from the bankruptcy court.

The relevant facts may be summarized as follows. During 1983 and 1984, Enviro-Scope sold certain products as a dealer for Westinghouse. Under this arrangement, the plaintiff purchased products directly from Westinghouse for resale to its customers. Plaintiff billed its customers and in turn was billed by Westinghouse. In 1983, plaintiff's account with Westinghouse became delinquent. As a result, Westinghouse and Enviro-Scope agreed that Westinghouse would obtain payment bonds in its favor to ensure that it would be paid for amounts owed by Enviro-Scope. Westinghouse alleges that a total of three payment bonds were issued by the Fidelity and Deposit Company of Maryland ("Fidelity").

On August 1, 1984, Enviro-Scope and Westinghouse altered their way of doing business so that Enviro-Scope acted solely as a sales agent for Westinghouse. Under the new arrangement, Enviro-Scope earned commissions on the sales it procured, and the sales commissions were credited against its indebtedness to Westinghouse. Thus, each payment reduced the amount Enviro-Scope owed Westinghouse, and correspondingly reduced the amount Fidelity might be required to pay Westinghouse under the terms of the payment bonds.

In November of 1984, because plaintiff's account was still delinquent, Westinghouse made a demand upon Fidelity for payment under the payment bonds. Fidelity refused, prompting Westinghouse to institute this action in District Court. Meanwhile, Enviro-Scope continued to earn commissions on sales which were applied to reduce its indebtedness to Westinghouse.

On April 1, 1985, Enviro-Scope filed a petition under Chapter 11 of the United States Bankruptcy Code and, thereafter filed an adversary proceeding against Westinghouse in the bankruptcy court. Count I of that complaint seeks sales commissions that Westinghouse allegedly owes to Enviro-Scope. Count II of the complaint seeks the recovery of all preferential transfers made to Westinghouse within 90 days prior to the filing of the petition in bankruptcy. Count III seeks the recovery of commissions earned by Enviro-Scope subsequent to the filing of the petition in bankruptcy. Count IV seeks to recover set-offs taken by Westinghouse and/or preferential transfers made to Westinghouse for the one year period preceding the filing of the bankruptcy petition.

Westinghouse subsequently filed a motion to withdraw the proceeding from the bankruptcy court so that it may be consolidated with the District Court proceeding. Enviro-Scope opposes the withdrawal and seeks to have the matter retained by the bankruptcy court. Because the resolution of this issue involves the interplay between the bankruptcy and District courts, it is necessary to review the jurisdictional provisions of The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, 98 Stat. 333 (1984).

Under 28 U.S.C. § 1334, the United States District Courts have exclusive and original jurisdiction of all cases and civil proceedings arising under Title 11 of the United States Code. The District Court may refer any cases or proceedings arising under Title 11 to the bankruptcy judges for that district. 28 U.S.C. § 157(a). This is done automatically in the Eastern District of Pennsylvania under Local Rule. Section 157(d) provides that the district court may withdraw the reference to the bankruptcy court for "cause shown", which is undefined.

One of the factors a court may consider in determining whether to withdraw a reference to the bankruptcy court is whether the matter involves "core" or "non-core" proceedings. The bankruptcy court is em-

powered to enter final judgment in core proceedings arising under Title 11. Section 157(b)(2) provides a non-exhaustive list of core proceedings, which may be generally defined as those matters concerning the administration of the bankrupt estate.[1] In a non-core proceeding that is otherwise related to a bankruptcy proceeding, the bankruptcy court may not enter a final order absent the consent of all the parties, but instead must submit findings of fact and conclusions of law to the District Court, and any final judgment must be entered by the District Court after reviewing *de novo* any matters to which any party has objected. 28 U.S.C. § 157(c)(1). Thus, while a bankruptcy court may hear non-core matters, the ultimate resolution of a dispute involving non-core matters lies with the District Court.

■ Westinghouse asserts that the proceeding should be withdrawn from the bankruptcy court and consolidated with the district court action for several reasons. First and foremost among these is the contention that the withdrawal and consolidation of the action would promote judicial economy because (1) the two actions involve common questions of law and fact and (2) the District Court is the only court that can render a final judgment on all the claims because non-core issues are involved.

In opposition to the motion to withdraw, Enviro-Scope first argues that Westinghouse has no claim against Fidelity because the amount that plaintiff owed to Westinghouse is now exceeded by the amount that Westinghouse owes plaintiff. Secondly, Enviro-Scope argues that the issues presented in the two actions differ and it, as a Debtor in Possession, should not be put to the expense of litigating issues which do not concern it. Specifically, it argues that the central issue in the District Court action is what bonds were posted by Fidelity and in what amounts, an issue that

need not be addressed in the adversary proceeding. Enviro-Scope further contends that the issues raised in the adversary proceeding, including whether or not the setoffs made by Westinghouse were preferential transfers, need not be tried in the District Court action. These arguments are not persuasive.

The argument that Enviro-Scope no longer owes Westinghouse any money may be technically correct, but it ignores the effect the adversary proceeding against Westinghouse may have on such claims. In the adversary proceeding, Enviro-Scope as plaintiff seeks to void the set-offs and recover the commissions it paid to Westinghouse. If it prevails in the adversary proceeding, Westinghouse's claim against Enviro-Scope will remain unpaid. Because Fidelity insured against a lack of payment, Westinghouse may have a valid claim against Fidelity under the payment bond.

Furthermore, a review of the facts clearly demonstrates that the interests of judicial economy would best be served by the consolidation of the two actions because they involve common questions of fact and law. Enviro-Scope is simply incorrect in its assertion that the issues presented in the adversary proceeding do not have to be addressed in the District Court action. In order to assess the amount of Westinghouse's damages, if any, in the District Court action, it will be necessary to determine whether the set-offs made by Westinghouse can be voided as preferential transfers and must be disgorged by Westinghouse rather than used to reduce the amount owed Westinghouse. As stated above, if the set-offs are void and Westinghouse is required to pay the commissions to Enviro-Scope, then it may proceed against Fidelity under the payment bond. Indeed, the interrelationship between the two actions is underscored by the fact that Fidelity, in its answer to Westinghouse's com-

---

1. Section 157(b)(2) provides a non-exhaustive list of core proceedings, all of which deal with the administration of the bankruptcy estate. Among the more important of these are 1) counterclaims against the estate by persons or entities filing claims against the estate, 2) proceed-

ings for turnover of property of the estate and 3) any other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or equity holder relationship.

plaint in the District Court action, raises as a defense the claim that "there are amounts in excess of $300,000 due and owing from Westinghouse to [Enviro-Scope] either as commissions or as amounts collected by Westinghouse on sales by [Enviro-Scope], and which amounts would be credits or set-offs against the amount, if any, owed by [Enviro-Scope] to Westinghouse." (Answer to Complaint in the District Court action).

Moreover, trying the two actions separately would not only force Westinghouse to litigate the same issue in two separate forums, but would also create a risk of inconsistent results, as Fidelity would not be collaterally estopped from relitigating the issue of Westinghouse's alleged liability for preferential transfers. If the proceeding is heard by the bankruptcy judge, judgment could be entered declaring the set-offs to be preferential transfers and ordering Westinghouse to pay the same to Enviro-Scope. Fidelity could then take the position in the District Court action that the set-offs were valid and that Enviro-Scope's indebtedness to Westinghouse has accordingly been paid. Thus, Westinghouse could be prejudiced if the two proceedings are tried separately.[2] This is precisely the type of duplicative litigation that consolidation is designed to avoid.

Enviro-Scope also contends that the matter should not be withdrawn from the bankruptcy court because all of the claims involved in the adversary proceeding are core matters. Specifically, it asserts that the collection of an account receivable is a core proceeding and as the bankruptcy court may therefore enter final judgment on all the claims raised in the adversary proceeding, the matter should not be withdrawn.[3] In the alternative, it is asserted that even if this court determines that the action does raise non-core issues, it should nevertheless decline to withdraw the reference because the bankruptcy court still has the power to hear the non-core issues and render proposed findings of fact and conclusions of law.

■ Enviro-Scope misconstrues the nature of the withdrawal provision. A district court is not foreclosed from withdrawing a reference to a bankruptcy court because a matter is found to be a core proceeding within the meaning of 28 U.S.C. § 157. Indeed, the Bankruptcy Amendments and Federal Judgeship Act of 1984 created an arrangement whereby bankruptcy judges act as Article I adjuncts to federal district courts in the resolution of core bankruptcy proceedings. *See*, 28 U.S.C. §§ 151–158, 1334, 1408–1412, 1452, 1930. Accordingly, a district court is given broad discretion in determining whether to withdraw a matter from the bankruptcy court.

In any event, the outcome would not be different even if the collection of an account receivable was determined to be a core proceeding within the meaning of the Act, for my decision to withdraw the adversary proceeding from the bankruptcy court is based primarily on considerations of judicial economy and not on the nature of the proceedings. The fact that the bankruptcy judge has the power to hear all the claims raised in the adversary proceeding and may possibly be able to enter final judgment on them is insufficient to override the other factors which mandate a finding that withdrawal and consolidation of the adversary proceeding with the District Court action is appropriate. For these reasons, I am convinced that the promotion of judicial econo-

**2.** Similarly, plaintiff's fear that it will be put to greater expense if it is forced to participate in the consolidated District Court case is unjustified. Plaintiff need only involve itself in the resolution of those claims that are presently pending before the bankruptcy judge in the adversary proceeding. As such, it will not be prejudiced by the change in forum.

**3.** Plaintiff cites a few bankruptcy court decisions in support of its contention that an action to collect an account receivable is a core proceeding. Westinghouse, on the other hand, submits that the collection of an account receivable is a non-core matter, citing a recent opinion by Judge Fullam of the Eastern District of Pennsylvania, in which he held that such matters constituted non-core proceedings. *See, In re George Wooloch Co.,* No. 85–725 (E.D.Pa. May 7, 1985). As discussed above, I need not resolve this conflict given the circumstances at issue.

my satisfies the "for cause shown" standard of § 157(d).

Finally, Enviro-Scope argues that the adversary proceeding should not be consolidated with the District Court action because the two cases are at different stages of trial preparation. Specifically, it is contended that the District Court action is ready for trial while this proceeding is not. This argument is simply incorrect. The District Court action was originally set for trial on September 23, 1985, but has been continued due to the pendency of the adversary proceeding. The adversary proceeding was originally set for trial in the bankruptcy court on September 17, 1985, but has been continued by stipulation of counsel. Thus, Enviro-Scope can hardly complain that consolidation of the cases will force it to trial earlier than it intended. Accordingly, plaintiff may not defeat the motion for withdrawal on this ground.

An appropriate order follows.