In re XONICS, INC., et al., Debtors.

ELSCINT LIMITED, Elscint, Inc., and
Elscint Imaging, Inc., Plaintiffs,

v.

FIRST WISCONSIN FINANCIAL COR-
PORATION and First Wisconsin Na-
tional Bank of Milwaukee, Defendants.

Nos. 84 B 02101 through 84 B 02108,
85 C 8959 and 85 A 563.

United States District Court,
N.D. Illinois, E.D.

Sept. 11, 1986.

On Motion to Reconsider Oct. 3, 1986.

See also, Bkrtcy., 65 B.R. 69.

Gary L. Prior and Jerome B. Meites of
McDermott, Will & Emery, Chicago, Ill.,
for plaintiffs.

John P. Messina, of Goldberg, Kohn,
Bell, Black & Rosenbloom, Chicago, Ill., for
defendants.

MEMORANDUM OPINION
AND ORDER

McGARR, District Judge.

First Wisconsin Financial Corporation
and First Wisconsin National Bank of Mil-
waukee have moved this court for an order
withdrawing the reference of *Elscint Lim-
ited v. First Wisconsin Financial Corpo-
ration,* No. 85 A 563, from the bankruptcy
court, and the transfer of this matter to the
United States District Court for the East-
ern District of Wisconsin.

Presently pending before the bankruptcy
court in Chicago are two disputes between
Elscint and First Wisconsin Financial Cor-
poration and First Wisconsin National
Bank of Milwaukee. The first is an adver-
sary complaint filed by Elscint, seeking the
equitable subordination of claims of these
two defendants in Xonics's bankruptcy,
which is pending as case No. 85 A 563.
The second is Elscint's objection to the
claims filed by the two defendants in the
Xonics bankruptcy, case Nos. 84 B 02101
through 84 B 02108.

Presently pending before Judge Evans in
the United States District Court for the
Eastern District of Wisconsin is a com-
plaint filed by Elscint against First Wiscon-
sin Financial Corporation and First Wiscon-
sin National Bank, which is based upon
many of the same underlying facts that are
an issue in the litigation described in para-
graph 2 of the motion to transfer.

This court has been requested to assist in
bringing these matters together before a
single judge. Judge Evans has indicated
that he would not disagree with the consoli-
dation of all of these cases before him for a
single disposition of the issues.

Elscint has moved to strike the motion to
withdraw the reference and to transfer to
the Eastern District of Wisconsin. The
Elscint memorandum deals solely with the
objection that this court does not have jur-
isdiction over the motion to transfer, which

should have been filed with the Clerk and assigned by lot.

The rules of procedure must not be allowed to become a triumph of form over substance. The basic problem with this case is fragmentation among three courts, the Wisconsin district court, the Illinois district court, and the Illinois bankruptcy court. The objection that, procedurally, the motion to transfer or consolidate these cases should not have been ruled upon by this court, even though a related matter, an appeal from the bankruptcy court here was before this court, suggests that a fourth judge be brought into the proceedings. The exercise of the powers of this court to avoid that result and to assume jurisdiction over a motion related to a matter pending before it was and is appropriate in the circumstance.

The court, having considered the briefs of the parties on this subject, has reached the conclusion that Elscint's motion to withdraw the reference from Judge James and to transfer all issues pending in the Northern District of Illinois to the Eastern District of Wisconsin, for consolidation with the matter involving the same parties now pending there before The Honorable Terrence T. Evans, is granted.

### ON MOTION TO RECONSIDER

On September 11, 1986, this court, in a memorandum opinion, granted the motion of First Wisconsin Financial Corporation and First Wisconsin National Bank of Milwaukee, to withdraw a reference of the above-captioned matter from Bankruptcy Judge Thomas James and to transfer all issues pending in the Northern District of Illinois to the Eastern District of Wisconsin.

The court now has before it a motion to reconsider this opinion and order, filed by Elscint.

As the Elscint brief points out, although the memorandum opinion correctly describes the motion under consideration as that of First Wisconsin Financial Corporation and First Wisconsin National Bank of Milwaukee, the concluding paragraph of the memorandum erroneously identifies the motion under consideration as Elscint's motion, an error which appeared also in the minute order.

It is the intention of this opinion, among other things, to correct that error and to let the record reflect that the motion to withdraw the reference granted by the court was the motion of First Wisconsin Financial Corporation and First Wisconsin National Bank of Milwaukee, and was not the motion of Elscint.

Elscint's motion for reconsideration goes on to conclude, because the court had not addressed specifically arguments raised by Elscint's brief of August 22, 1986, that the court had not considered the brief, and the motion for reconsideration is filed in partial reliance upon that assumption with the consequent request that the court reconsider the matter.

The contentions raised by Elscint in its filings, including the ones described above, were considered by the court and no reconsideration would produce a contrary result.

The request of Elscint for an opportunity to argue this matter orally before the court is denied and, with the exception of the correction of the error in the final paragraph of the memorandum opinion and the minute order, the motion of Elscint to reconsider and vacate its memorandum opinion and order of September 11, 1986 is denied.