In re WEDTECH CORP., f/k/a Welbilt Electronics Die, Debtor.

In re WEDTECH CORP., f/k/a Welbilt Electronics Die Corp., Debtor.

WEDTECH CORP., f/k/a Welbilt Electronics Die Corp., Plaintiff,

v.

R. Kent LONDON, M.D., International Financial Consulting and Investments, Inc., W. Franklyn Chinn and Financial Management International Inc., Defendants.

No. 87 Civ. 4967 (LBS).
Bankruptcy No. 86 B 12366 (HCB).
Adv. No. 87–5568–A.

United States District Court,
S.D. New York.

Nov. 18, 1987.

Pollner, Mezan, Stolzberg, Berger & Glass, P.C., and Angel & Frankel, New York City, for plaintiff Wedtech Corp.; Richard S. Mezan, Edith M. Futeras, of counsel.

Latham & Watkins (Robert J. Rosenberg, James E. Brandt, of counsel), New York City and Howard, Rice, Nemerovski, Canady, Robertson & Falk, San Francisco, Cal. (Alan W. Sparer, Barbara A. Winters, of counsel), for defendants.

SAND, District Judge.

In deciding this motion by the defendants to withdraw the reference of the Wedtech bankruptcy claims against W. Franklyn Chinn, Financial Management International, Inc., R. Kent London, and International Financial Consulting and Investments, Inc. to the bankruptcy court, we

must consider whether withdrawal under 28 U.S.C. § 157(d) is mandatory, discretionary, or not available here. It is the opinion of this Court that withdrawal in this case is discretionary and that we should exercise our discretion to withdraw the reference.

## DISCUSSION

 Mandatory withdrawal arises under § 157(d) when "substantial and material consideration" of federal statutes other than the Bankruptcy Code is "necessary for the *resolution*" of the case before the bankruptcy court. *In re White Motor Corp.*, 42 B.R. 693, 703–04 (N.D.Ohio, E.D. 1984). In the Wedtech matter as a whole, and with respect to this transaction, issues under the federal securities laws exist, but they are peripheral to the question of whether there was a fraudulent conveyance. The determination as to whether there was a fraudulent conveyance does not require "significant interpretation of federal laws," and so withdrawal is not mandatory. *In re Johns–Manville Corp.*, 63 B.R. 600, 602 (S.D.N.Y.1986).

Nonetheless, a determination by the bankruptcy court that there was a fraudulent conveyance could have ramifications with respect to securities aspects of the district court case, as discussed below.

With respect to discretionary withdrawal, defendants make two principal arguments, both of which are related to the need to husband judicial resources. The first asserts that this is not a "core proceeding" and points out that where there is no consent to a bankruptcy court's giving a final judgment in a non-core proceeding, *de novo* district court review of any contested matters will be required. The second suggests that where there is significant overlapping of facts, transactions, issues, and law between a case referred to bankruptcy court and a district court case, judicial economy demands that the cases be consolidated.

 Defendants suggest that the fraudulent conveyance action at issue here cannot constitutionally be considered a "core proceeding" under *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). We disagree. A proceeding to "determine, avoid or recover fraudulent conveyances" is a "core proceeding" on the face of § 157(b)(2)(H). A fraudulent conveyance action such as the one at issue here is constitutionally in bankruptcy court because it "seeks to recoup an asset previously owned by debtor and fraudulently secreted from the creditor's levy" rather than "seek[ing] only to reduce speculative interests into a liquidated asset," as did the contract action at issue in *Northern Pipeline*. *Addison v. O'Leary*, 68 B.R. 487, 490 (E.D.Va.1986). Cases cited by defendants to support their argument involve subsections of § 157(b)(2) less specific than (b)(2)(H), and/or assert speculative interests governed by state law, more analogous to *Northern Pipeline's* contract dispute than to a fraudulent conveyance. (*E.g.*, *Pied Piper Casuals, Inc. v. Insurance Co. of Pennsylvania*, 72 B.R. 156 (S.D.N.Y.1987) (recovery of proceeds of insurance policy, not asserted to be under § 157(b)(2)); *Interconnect Telephone Services, Inc. v. Farren*, 59 B.R. 397 (S.D.N.Y. 1986) (recovery of excessive salaries, and administration of the estate, under subsections (b)(2)(E) and (O)); *In re Nanodata Computer Corp.*, 52 B.R. 334 (Bankr.W.D. N.Y.1985), *affd.* 74 B.R. 766 (W.D.N.Y. 1987) (breach of warranty, breach of contract, misrepresentation, *et al.*, under subsections (b)(2)(C) and (O))).

A nexus with state law issues does not necessarily call *Northern Pipeline's* limitations into play. Defendants make much of the fact that Wedtech amended its complaint to include only bankruptcy claims, and they assert that this is the sort of "artful pleading" that *Northern Pipeline* outlaws. We consider the fact that Wedtech changed its complaint so as to make all its claims into core proceedings irrelevant. Rather than employing artful pleading, we think Wedtech is limiting itself to seeking only the kind and extent of relief available to it in core proceedings in bankruptcy court.

 In a case such as this, the determination as to the existence of a fraudulent conveyance is "integral to the administra-

tion of the bankruptcy estate," and so the fact that the same or similar claims could have been brought as a common law fraud claim should not prevent it from being considered a core proceeding. *See Matter of Colorado Energy Supply*, 728 F.2d 1283, 1286 (10th Cir.1984). Also, an action for fraudulent conveyance is a core proceeding in bankruptcy court even if some or all of the bankruptcy claims are based on state, rather than federal, bankruptcy statutes. *In re Wencl*, 71 B.R. 879, 882 (Bankr.D. Minn.1987).

Defendants also assert that they have a right to a jury trial, and that this requires withdrawal of the reference. While the case law is not entirely consistent with respect to the question of whether a fraudulent conveyance action in bankruptcy seeking the return of fraudulently conveyed money is an action in equity or at law (*see In re Wencl, supra*, 71 B.R. 879 (holding it to be in equity) and *In re O.P.M.*, 48 B.R. 824 (S.D.N.Y.1985) (holding it to be at law)), and thus with respect to the right to jury trial in such a situation, the question is irrelevant because we have determined that this is a core proceeding. With respect to core proceedings, a jury trial is available in bankruptcy court under Rule 9015. (*In re Lombard–Wall, Inc.*, 48 B.R. 986, 992 (S.D.N.Y.1985); *see also In re O.P.M., supra*, 48 B.R. at 828–29.)

Defendants next argue that under *In re Enviro–Scope Corp.*, 57 B.R. 1005, 1007–08 (E.D.Pa.1985) the reference should be withdrawn because of the existence of common questions of law and fact, creating the inconvenience and unnecessary expense of litigating the same issue in two separate fora, and the risk of inconsistent results.

A "core proceeding" can be withdrawn under *White Motor* if the motion is timely and if no manifest injustice results. (42 B.R. at 699, 701–02). *In re Lion Capital Group*, 48 B.R. 329 (S.D.N.Y.1985), requiring "adequate cause" for withdrawal (*id.* at 336), is not to the contrary. The actions involved in that case "[arose] out of different transactions and involve[d] different questions of law and fact." *Id.* at 337. The bankruptcy court in *Allard v. Benja-*

*min (In re DeLorean Motor Co.)*, 49 B.R. 900, 912 (Bankr.E.D.Mich.1985), which stated that an "overriding interest" must be shown to overcome the presumption that Congress intended to have bankruptcy proceedings adjudicated in the bankruptcy court, denied a motion for withdrawal which was based on theories of the existence of state law issues, the demand for a jury trial, and the alleged unconstitutionality of the Bankruptcy Amendments and Judgeship Act of 1984. That court was not called upon to address the issue of judicial economy.

Here, there has been no suggestion that the motion is untimely. Wedtech, however, objects that this motion for withdrawal is just a ploy to slow down the proceedings against these defendants by tying discovery to the broader and slower-moving district court case. The defendants here may well have mixed motivations, but issues of fairness and of judicial economy militate in their favor nonetheless. We find that the overlapping of facts, transactions, and issues in the two cases, described below, is good cause for withdrawal of the reference and consolidation with the district court proceeding.

One of Wedtech's principal arguments is that, of the defendants in this action, only Chinn was named as a defendant in the district court action. However, the Second Consolidated Amended and Supplemental Complaint in the district court action, dated November 2, 1987, names all four persons (W. Franklyn Chinn; Financial Management International, Inc.; R. Kent London; and International Financial Consulting and Investments, Inc.) as defendants.

According to lead counsel for the plaintiffs in the district court Wedtech action, 62% of the creditors interested in the results here are bondholders who are also plaintiffs in the main action (Marian Probst Rosner, Esq., transcript of October 8, 1987 proceedings, at 33).

Questions in the district court action as to Chinn's performance as a director of Wedtech and his alleged violation of his fiduciary duty to the company will hinge in large measure upon how the question of

the alleged fraudulent conveyance is resolved. Questions as to what other directors knew or should have known will involve this issue among others.

The existence or non-existence of an undisclosed fraudulent conveyance of $1.14 million will come up with respect to the liability of accountants Touche Ross and underwriters Moseley Hallgarten and Bear Stearns under the securities laws in the district court action.

For these reasons the motion for withdrawal of the reference is granted. We will take up matters relating to the method by which discovery is to go forward at a conference scheduled for November 18, 1987.

So ordered.