**In re CRUZ & TOLEDO RESTAURANT CORP., Debtor.**

**CRUZ & TOLEDO RESTAURANT CORP., Plaintiff,**

v.

**Leonard BERG, Lori Berg, Lee Berg, Thelma Berg, Jeffrey Hill, Richard Margulies, Heartbreak Cabaret Corp., and TGB Holding Corp., Defendants.**

Bankruptcy No. 88 B 10240 (PBA).

Adv. No. 88–5485A.

Nos. 88 Civ. 5801 (CSH), 87 Civ. 9064 (CSH) and 88 Civ. 2604 (CSH).

United States District Court, S.D. New York.

Dec. 29, 1988.

Robert L. Rattet, New York City, for debtor.

Paul H. Silverman (Alan Nisselson, of counsel), New York City, Fleit, Jacobson, Cohen & Price (Marsha G. Gentner, Harvey B. Jacobson, of counsel), Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

In the Chapter 11 proceeding now pending before the bankruptcy court for this district, defendants Leonard Berg, *et al* move this court for an order withdrawing the reference to the bankruptcy court of an adversary proceeding commenced against them by the Debtor Cruz & Toledo Restaurant Corp. (C & T).

In a Memorandum Opinion and Order dated November 15, 1988, 699 F.Supp. 1066 familiarity with which is assumed, I had occasion to consider the tangled and contentious relationships of these parties, within the context of a motion to disqualify counsel. I need not reiterate here the factual background contained in that opinion.

The present motion is based upon 28 U.S.C. § 157(d), which provides in pertinent part that:

> [t]he district court may withdraw ... any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The briefs of counsel make no reference to the second sentence of § 157(d), which mandates withdrawal in response to a party's "timely" motion if certain circumstances exist. Rather, the parties focus upon the district court's discretionary power of withdrawal, as declared in the first sentence of § 157(d).

Defendants observe accurately that the adversary proceeding commenced by C & T in the bankruptcy court in June 1988 sets forth claims identical to those pleaded as

counterclaims by C & T in an action previously commenced in this court by Thelma Berg and Heartbreak Cabaret Corp. (HCC), two of the defendants in the bankruptcy court adversary proceeding. That civil action is 87 Civ. 9064 (*Heartbreak I*). See this Court's prior Memorandum Opinion at 1068–69.

It is true that C & T's claims overlap. HCC and Thelma Berg commenced *Heartbreak I* in this court on December 21, 1987. They filed and served an amended complaint on February 16, 1988. On February 4, 1988, C & T had filed its Chapter 11 petition in the bankruptcy court. C & T, together with other defendants, then filed an answer to the amended complaint in *Heartbreak I*, and pleaded certain affirmative defenses and counterclaims. However, in that pleading C & T specifically pleaded its bankruptcy petition in partial bar to the litigation in this court. Thus the responsive pleading in *Heartbreak I* reads in part:

### AUTOMATIC BANKRUPTCY STAY

On February 4, 1988, C & T Corp. filed a petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy laws. Pursuant to 11 U.S.C. § 362(a), such filing stays all claims based on pre-petition activities against C & T Corp. C & T Corp. interposes the within answer only insofar as the allegations relate to continuing post-petition activity.

The counterclaims then alleged in *Heartbreak I* by C & T alleged prepetition wrongdoing by the present movants. Those claims, as noted, are reasserted in the adversary proceeding instituted in the bankruptcy court in July 1988.

Seeking withdrawal of the reference, the moving defendants in the bankruptcy court urge the substantial similarity of the claims, the prior proceedings in this court, and the fact that a number of the issues of law involved go outside the strict boundaries of federal bankruptcy law.

Resisting withdrawal, C & T points to the fact that on July 6, 1988, defendants Leonard Berg, Thelma Berg, and HCC filed a proof of claim in the bankruptcy proceeding. C & T argues that by virtue of that filing, these defendants consented to the jurisdiction of the bankruptcy court, and accordingly are precluded from now moving for withdrawal of the reference.

There is language to support that proposition in such Supreme Court cases as *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986), and *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), as well as in bankruptcy court decisions such as *In re McLean Industries Inc.*, 76 B.R. 291 (S.D.N.Y.1987), *In the Matter of Baldwin–United Corp.*, 48 B.R. 49 (S.D.Ohio 1985) and *In re Bokum Resources Corp.*, 64 B.R. 924 (D.N.M.1986). Generally speaking, these cases deal with that phenomenon known as "jurisdiction by consent." But they are not squarely in point, since in each of the cited cases the party, ultimately disappointed in the result, who subsequently challenged the jurisdiction of the forum, had invoked that jurisdiction (either by initiating the proceeding or filing a claim) without having first initiated litigation in the district court. In that regard, HCC and the Bergs stand in a different posture; they had commenced *Heartbreak I* in this court prior to C & T's petition in the bankruptcy court.

Nevertheless, I conclude that this motion for withdrawal of the reference must fail; and I base that conclusion upon a broader ground than the moving parties' preclusion by filing a bankruptcy proof of claim (although a higher court might well regard that as sufficient).

It cannot be gainsaid that the claims asserted by C & T in the adversary proceeding in bankruptcy court are core matters under § 157. Furthermore, the Bankruptcy Code makes available to C & T remedies for the benefit of creditors which come less readily to hand, if at all, in district court civil litigation. The filing of the prior civil action against C & T by Thelma Berg and HCC obviously did not preclude C & T from seeking the protection of the Bankruptcy Code. Indeed, C & T specifically preserved its rights under that

Code by its responsive pleading in the civil litigation. The decisive question is which court is more appropriately placed to litigate these claims. I conclude that this is the bankruptcy court. In doing so, I do not lose sight of certain arguments that the moving parties have made in this court. One of those is that C & T's counterclaims (now the claims asserted in its adversary proceeding) should be barred because they were compulsory in nature, and should have been pleaded sooner under the Federal Rules of Civil Procedure. But the bankruptcy court is equally competent to pass upon that contention, and indeed should do so within the context of a bankruptcy petition which falls within its special charge.

The motion for an order withdrawing the reference to the bankruptcy court is denied, and the issues embraced by the motion are respectfully remanded to that court.

It is SO ORDERED.