**In re SEVKO, INC., Debtor.**

**No. 92 C 2394.**

United States District Court, N.D. Illinois, E.D.

May 20, 1992.

Salvatore A. Barbatano, David W. Criswell, Rudnick & Wolfe, Chicago, Ill.

Margaret M. Anderson, Lord Bissell & Brook, Chicago, Ill.

Thomas S. Kiriasko, Jerome N. Krulewitch, Mayer Brown & Platt, Chicago, Ill.

Ronald L. Rose, Dykema Gossett, Detroit, Mich.

John D. Lien, Foley & Lardner, Chicago, Ill.

Charles E. Gerber, Neal Gerber & Eisenberg, Chicago, Ill.

Richard Friedman, Office of the U.S. Trustee, Chicago, Ill.

John Collen, Marc Levenstein, Sonnenschein Nath & Rosenthal, Chicago, Ill.

James E. Carmel, Carmel Baker & Marcus, Chicago, Ill.

Michael Reed, McCreary Veselka Bragg & Allen, Austin, Tex.

Jan R. Newsome, Gen. Counsel, Larry Potter, Blue Cross & Blue Shield of Tex., Richardson, Tex.

Clifford E. Yuknis, Cheryl D. Chamberlain, Shefsky & Froelich Ltd., Chicago, Ill.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

### STATEMENT OF FACTS

Ullman–Briggs, Inc. is a claimant of the debtor, Sevko, Inc., in Sevko's Chapter 11 proceeding in the bankruptcy court of this district. Ullman–Briggs is also the plaintiff in an action before Judge Plunkett of this district which encompasses many of the same issues and facts as are alleged in Ullman–Briggs' claim in bankruptcy. Ullman–Briggs now asks the court to withdraw reference of its amended proof of claim from the bankruptcy court, pursuant to 28 U.S.C. § 157(d).

The facts as alleged in both Ullman–Briggs' proof of claim in bankruptcy court, and its district court complaint, are as follows. Sevko, an Illinois corporation, owns all of the shares of Salton, Inc., now known as Deerfield Housewares. Salton terminated its agreement appointing Ullman–Briggs its exclusive sales representative in certain regions, prompting Ullman–Briggs to sue Salton, and obtain a judgment in its favor in January, 1991. While this action was pending, Salton entered into an asset purchase agreement with Salton/Maxim Housewares, Inc., an Illinois corporation, selling essentially all of its assets. The significant portion of the purchase price of this agreement was paid to Sevko, satisfying a separate agreement between Sevko and Salton/Maxim. Ullman–Briggs claims these transactions were in violation of both the Illinois Fraudulent Transfer Act and New York Debtor and Creditor law.

Ullman–Briggs claims it learned of these facts while attempting to enforce its judgment against Salton in mid–1991. Ullman–Briggs filed a claim in Sevko's Chapter 11 proceeding on October 7, 1991, and filed suit against Salton/Maxim in the United States District court for the District of New Jersey on November 8. Ullman–Briggs' district court action was transferred to this district on January 28, 1991. The bankruptcy court denied Sevko's motion to dismiss the claim on March 30, 1992, 143 B.R. 167. In response to proceedings before Judge Plunkett over efforts to consolidate these two cases, Ullman–Briggs filed its motion to withdraw on April 21, 1992.

### ANALYSIS

██ The court may withdraw any case, or any portion thereof, referred to the bankruptcy court, under two circumstances. First, the court must withdraw a matter if its resolution requires consideration of both Title 11 and other federal laws enacted pursuant to the Commerce Clause. In the second circumstance, which Ullman–Briggs seeks to demonstrate here, the court has the discretion to withdraw a reference of any matter "for cause shown." In either case, the motion must be timely made. 28 U.S.C. § 157(d). The court may withdraw its reference regardless of whether the matter is a core or non-core proceeding, as defined in § 157(b)(2). *In re*

*Enviro–Scope Corp.,* 57 B.R. 1005, 1008 (E.D.Pa.1985); *In re White Motor Corp.,* 42 B.R. 693, 703 (N.D.Ohio 1984). Sevko objects to Ullman–Briggs' motion on the bases that it is not timely made, and that Ullman–Briggs has failed to show cause.

### I. Timeliness

■ Unfortunately, § 157(d) goes no further in defining the precise meaning of either of these concepts. The legislative history of § 157(d) indicates that withdrawal is appropriate only in limited circumstances, to enforce Congress' intent to let expert bankruptcy judges determine Bankruptcy Code matters to the greatest extent possible. *In re Stavriotis,* 111 B.R. 154, 156 (N.D.Ill.1990). This district has recognized that the test for timeliness of a motion to withdraw reference is either as soon as possible, or at the first reasonable opportunity after the moving party has notice of the grounds for withdrawal, depending on the facts of each case.[1] *Lissner,* 115 B.R. at 608; *Stavriotis,* 111 B.R. at 157. Sevko suggests that this case is similar to *Stavriotis* and should be denied for untimeliness based on the length of the delay in filing and Ullman–Briggs' self-serving motive for filing.

The court finds this case to be distinguishable from *Stavriotis* in both respects. In *Stavriotis,* the movant received notice of the grounds for its motion in late 1988 and did not file until May, 1989, although it had opportunity to do so earlier. *Stavriotis,* 111 B.R. at 158. Here, no such opportunity presented itself at such an early date. Ullman–Briggs filed its motion on April 21, 1992. Although Ullman–Briggs had notice of the grounds for the motion as early as November 1991, it would have been imprudent to file it until the end of March, 1992, after its district court proceeding was transferred, the parties had discussed the

issue of consolidating the two cases before Judge Plunkett, and the bankruptcy judge denied Sevko's motion to dismiss the claim in bankruptcy.

This case is much more analogous to *In re I.Q. Telecommunications,* 70 B.R. 742 (N.D.Ill.1987), than *Stavriotis.* In *I.Q. Telecommunications,* two defendants named in an action filed by a bankruptcy debtor filed motions to withdraw. The court denied as untimely the motion of the first defendant, who had notice of grounds for mandatory withdrawal in February, 1985, but proceeded to actively defend against the complaint for over year before filing. However, the court allowed as timely the motion of a second defendant who had notice in December 1985 and filed within three months, after receiving several unopposed extensions of time, and before any other pleadings filed. *Id.,* at 746–47.

Ullman–Briggs' motion is also distinguishable from *Stavriotis,* on the issue of motive for filing. The movant in *Stavriotis* waited to file until it realized it would receive little financial recompense from an expected sale of property in the bankruptcy action. Their sole motivation for seeking withdrawal was to obtain relief in district court the bankruptcy court could not provide. *Stavriotis,* 111 B.R. at 155–56. Sevko argues that Ullman–Briggs has waited to seek withdrawal until it would be to its advantage, to avoid the discovery deadlines set by the bankruptcy judge. This is hardly convincing. Sevko can point to no other unfair prejudice it will suffer as a result of withdrawal. Any discovery conducted while in bankruptcy court will be transferred to the district court. *Burger King Corp. v. B–K of Kansas,* 64 B.R. 728, 730 (D.Kan.1986). The only other matter of substance conducted before the bankruptcy judge on the merits of this matter

---

**1.** A possible means of distinction between the two tests would be that when a party seeks mandatory withdrawal, they should do so as soon as possible, but if they seek only discretionary withdrawal, they must do so only at the first reasonable opportunity. The logic of this distinction is that the basis for mandatory withdrawal, the need to consider federal law enacted under the Commerce Clause, should be readily

apparent from the filing of the appropriate pleading. However, as Judge Rovner pointed out in *Matter of Lissner Corp.,* 115 B.R. 604, 610 (N.D.Ill.1990), the mere incantation of a federal statute is not grounds for mandatory withdrawal under § 157(d). Ultimately, the difference between requiring a party to file as soon as possible or at the first reasonable opportunity is largely a matter of semantics.

was Sevko's motion to dismiss, which merely saves the district court the trouble of rebriefing. *Lissner*, 115 B.R. at 610–11. Ullman–Briggs' motion is timely.

## II.  Cause

■■ Among the factors to be considered in determining if cause exists are judicial economy, convenience, and the particular court's knowledge of the facts. *In re Ramex International*, 91 B.R. 313, 315 (E.D.Pa.1988). Other factors worthy of equal consideration are promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial. *Hatzel & Buehler v. Central Hudson Gas & Electric*, 106 B.R. 367, 371 (D.Del.1989). The existence of a jury trial demand is only a factor for non-core proceedings, because a jury verdict, like any judgment in the bankruptcy court on a non-core proceeding, is merely a recommendation to the district court. Requiring two jury trials would be a waste of judicial resources. *In re Luis Electrical Contracting Group*, 100 B.R. 155, 156–57 (E.D.N.Y.1989).

■■ Ullman–Briggs is in a situation in which it is involved in two proceedings in bankruptcy and non-bankruptcy forums, litigating essentially the same core of transactional facts, with different parties. Research indicates that when this situation arises, it has generally been found to constitute cause for discretionary withdrawal. *See In re Wedtech*, 81 B.R. 237, 239 (S.D.N.Y.1987); *In re Xonics*, 67 B.R. 33 (N.D.Ill.1986); *Enviro–Scope*, 57 B.R. at 1007; *but see In re Cruz & Toledo Restaurant Corp.*, 94 B.R. 304, 305–06 (S.D.N.Y. 1988). This result meets many of the factors contributing to a determination of cause. Reducing duplicative proceedings to a single forum serves judicial economy, and spares the resources of the parties in the bankruptcy proceeding. It also serves to protect the parties from inconsistent factual results. *Enviro–Scope*, 57 B.R. at 1008.

The cases cited by Sevko to support its proposition that cause for withdrawal is not present, *Glassel v. Allegheny International Credit Corp.*, 111 B.R. 495 (W.D.Pa. 1990), *Valley Forge Plaza Assoc. v. Fireman's Fund Insurance*, 107 B.R. 514 (E.D.Pa.1989), and *Cruz & Toledo*, are distinguishable. The *Valley Forge* court explicitly stated in dicta that had there been a related case pending in district court, forcing the parties to litigate the same issues in separate forums, it would have found cause for withdrawal. *Valley Forge*, 107 B.R. at 518. The *Glassel* court did not address this issue, as the movant's grounds for cause were solely that they had a non-core proceeding with a right to jury trial. The court denied the motion on the bases that the proceeding was core, and that no jury trial right existed under the Seventh Amendment. *Glassel*, 111 B.R. at 497–99.

The only case truly helpful to Sevko is *Cruz & Toledo*, in which the court decided that the bankruptcy court was the more appropriate forum for the referred matter because of the more comprehensive remedies it offered the debtor. *Cruz & Toledo*, 94 B.R. at 305–6. However, *this case is distinguishable from* Cruz & Toledo because the defendants here in Ullman–Briggs' action are not just Sevko, who is in bankruptcy, but Salton/Maxim, who is not. The issue of whether cause exists is largely one of individual facts and circumstances. In the court's opinion, these circumstances justify a finding of cause for withdrawal of Ullman–Briggs' amended proof of claim.

## CONCLUSION

For the foregoing reasons, Ullman–Briggs' motion to withdraw reference of its amended proof of claim from the bankruptcy court is granted.